UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA G. FOX,

          Plaintiff,

v.

KING COUNY JAIL -DAJD, et al.,

          Defendants.

CASE NO. 2:25-CV-989-JNW-DWC

ORDER DECLINING TO SERVE

The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Joshua G. Fox, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. §1915A, the Court finds Plaintiff has failed to state a claim upon which relief can be granted, but provides Plaintiff leave to file an amended pleading by June 27, 2025, to cure the deficiencies identified herein.

**I.    Background**

In the Complaint, Plaintiff, an inmate housed at the Monroe Correctional Complex – Twin Rivers, alleges Defendants King County Jail – DAJD and Public Health failed to provide

him with adequate medical care and safe living conditions when he was housed at the King County Jail ("the Jail"). Dkt. 6.

**II.      Discussion**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d

at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

In the Complaint, Plaintiff states he had a below knee amputation on June 6, 2022. Dkt. 6. When he returned to the Jail, he fell and re-injured his surgery site while taking a shower because there were no handrails or non-slip floor mats. *Id*. Plaintiff also alleges he was not provided transportation to his follow-up appointments. As a result, Plaintiff had to undergo additional surgeries.

Plaintiff has provided generalized allegations that he has been harmed. Plaintiff does not name any individuals in the statement of facts supporting his claims for relief. Plaintiff does not explain what actions any individual took or failed to take which violated his rights. In sum, Plaintiff's allegations are insufficient to show any Jail employee personally participated in the alleged constitutional violations. As Plaintiff has not alleged facts sufficient to show a person acting under color of state law violated his constitutional rights, he has failed to state a claim upon which relief can be granted. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims).

If Plaintiff wishes to pursue this § 1983 action, he must provide a short, plain statement naming individual defendants and explaining exactly what each defendant did or failed to do and how the actions violated Plaintiff's constitutional rights and caused him harm.[1]

---

[1] Plaintiff alleges his Eighth Amendment rights were violated. *See* Dkt. 8. Plaintiff appears to have been a pretrial detainee at the time of the alleged constitutional violations. As such, the Fourteenth, not Eighth, Amendment would be applicable in this case.

ORDER DECLINING TO SERVE - 3

1   Additionally, Plaintiff names the Jail and Public Health/Jail Health Services as the two
2   defendants. Dkt. 6. The Jail and Public Health/Jail Health Services are not legal entities capable
3   of being sued under § 1983. Rather, King County, a municipality, would be the proper defendant.
4   *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56
5   L.Ed.2d 611 (1978); *Wright v. Clark County Sheriff's Office*, 2016 WL 1643988, *2 (W.D.
6   Wash. April 26, 2016). To set forth a claim against a municipality, a plaintiff must show the
7   defendant's employees or agents acted through an official custom, pattern, or policy permitting
8   deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the
9   unlawful conduct. *Id.* at 690-91. A plaintiff must show (1) deprivation of a constitutional right;
10  (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's
11  constitutional rights; and (4) the policy is the moving force behind the constitutional violation.
12  *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992).

13  Plaintiff has not named King County as a defendant nor alleged facts to show King
14  County is liable. *See* Dkt. 6. If Plaintiff seeks to sue King County, he must name King County as
15  a defendant and allege facts sufficient to meet the required elements of a claim against a
16  municipality and show King County violated his constitutional rights.

17  **III.   Conclusion**

18  Because of the deficiencies identified above, the Court declines to direct Plaintiff's
19  complaint be served on Defendants. However, Plaintiff is granted leave to file an amended
20  complaint curing the noted deficiencies on or before **July 3, 2025**. Plaintiff must ensure that the
21  amended complaint carries the same case number as his original complaint. If no amended
22  complaint is timely filed, or if Plaintiff fails to correct the deficiencies identified above, the

Court will recommend that this action be dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is advised that an amended pleading operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended)). Thus, any amended complaint must clearly identify each intended Defendant, the constitutional claim(s) asserted against each Defendant, the specific facts which Plaintiff believes support each claim, and the specific relief requested. Further, attachments to an amended complaint will not be considered in analyzing whether the amended complaint states a claim.

The Clerk is directed to send Plaintiff the appropriate forms so that Plaintiff may file an amended complaint.

Dated this 2nd day of June, 2025.

David W. Christel
United States Magistrate Judge