UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA G. FOX,

                    Plaintiff,

        v.

KING COUNTY, et al.,

                    Defendants.

CASE NO. 2:25-cv-00989-JNW-DWC

REPORT AND RECOMMENDATION

Noting Date: February 19, 2026

The District Court referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge David W. Christel. Before the Court is Defendants' Motion for Summary Judgment ("Motion"). Dkt. 17.

After reviewing the record, the Court finds that Plaintiff Joshua G. Fox failed to exhaust his administrative remedies regarding the events described in his First Amended Complaint ("FAC"). Therefore, the Court recommends Defendants' Motion (Dkt. 17) be granted and this action be dismissed without prejudice.

REPORT AND RECOMMENDATION - 1

## I.  Background

Plaintiff, who was a detainee at King County Jail ("KCJ"),[1] alleges Defendants violated his rights under the Americans with Disabilities Act ("ADA") because KCJ did not have adequate facilities to accommodate him as an individual with one leg. Dkt. 8 at 5. For example, Plaintiff states that his shower did not have any handrails, so he slipped and injured his recently amputated leg. *Id.* He also alleges Defendants violated his right to adequate medical care when they failed to rehabilitate his amputated leg after he fell in the shower. *Id.* at 6–9. Without the necessary care, Plaintiff's amputation site became septic. *Id.*

Defendants filed the Motion on November 7, 2025. Dkt. 17. On December 4, 2025, Defendants filed a Reply stating they were entitled to summary judgment because Plaintiff failed to file a response to the Motion. Dkt. 21. Two days later, Plaintiff requested an extension to respond to the Motion. Dkt. 22. The Court granted the extension, but Plaintiff again failed to file a response by the deadline. Defendants filed a second Reply, reiterating they were entitled to summary judgment because Plaintiff did not respond to the Motion. Dkt. 24. Because Plaintiff neither filed a response to the Motion nor requested another extension, the briefing on the Motion is complete and ripe for adjudication.

## II.  Standard of Review

Summary judgment is proper only if the pleadings, discovery, and disclosure materials on file, and any affidavits, show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the

---

[1] Plaintiff has been incarcerated at Monroe Correctional Center ("MCC") since February 2024. Dkt. 17 at 3.

REPORT AND RECOMMENDATION - 2

burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"); *see also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

**III.    Discussion**

Defendants allege Plaintiff failed to exhaust the administrative remedies available to him for the claims raised in the FAC. Dkt. 17. Plaintiff did not respond to Defendants' Motion. The Court holds that Defendants have carried their burden that Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act of 1995 ("PLRA") and therefore declines to reach the merits of the case. The Court recommends that the Motion be granted and this case be dismissed for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).

Before a prisoner may bring a civil rights action under 42 U.S.C. § 1983, he must first exhaust all available administrative remedies. Under the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion in cases covered by § 1997e(a) is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). The mere fact a plaintiff has filed an initial grievance under

REPORT AND RECOMMENDATION - 3

a prison's grievance policy does not satisfy the PLRA exhaustion requirement; a plaintiff must exhaust *all* levels of an available grievance procedure before he can initiate litigation. *See id.* at 736–41; *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is still a prerequisite to suit. *Booth*, 532 U.S. at 741. If a claim is not exhausted, it must be dismissed. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

Failure to exhaust administrative remedies is properly brought as a summary judgment motion. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014). Once the defendant proves there was an available administrative remedy and the offender failed to exhaust the available remedy, the burden shifts to the plaintiff. The plaintiff must show there was something about his particular claim which made the "existing and generally available administrative remedies effectively unavailable to him." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.5 (9th Cir. 1996)).

Defendants raised the affirmative defense of non-exhaustion in their Answer. Dkt. 15 at 5. On summary judgment, Defendants filed two declarations stating that Plaintiff never filed any grievances concerning the allegations raised in the FAC. Dkt. 19, Williams Dec.; Dkt. 20, Rule Dec. Defendants' evidence shows detainees at KCJ may file grievances to bring attention to a complaint, issue, or problem they are facing while detained. Dkt. 19, Williams Dec. The burden then shifts to Plaintiff to show that he either exhausted his administrative remedies, or the administrative procedures were unavailable to him for redressing the concerns he raised in the FAC. Despite being given ample opportunity to develop the record in this case, Plaintiff failed to respond to the Motion. And because Plaintiff has not filed a response to the Motion, there is no genuine dispute as to any material fact in this case. Fed. R. Civ. P. 56(c).

REPORT AND RECOMMENDATION - 4

Section 1997e(a) requires that a plaintiff present his claims to each level of administrative review before raising those claims in a § 1983 civil-rights action. Defendants' Motion and supporting declarations establish Plaintiff failed to avail himself to the grievance process while detained at KCJ or incarcerated at MCC. Therefore, the Court holds that Defendants have carried their burden of showing that Plaintiff failed to exhaust his administrative remedies before filing this civil rights action. Accordingly, the Court recommends that this action be dismissed without prejudice and the case closed.

**IV.    Conclusion**

For the foregoing reasons, the Court recommends Defendants' Motion (Dkt. 17) be granted, the FAC (Dkt. 8) be dismissed without prejudice, and this case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on February 19, 2026, as noted in the caption.

Dated this 28th day of January, 2026.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5